EASTERN DIST.
*April,* 1839.

POPE ET AL.
*vs.*
HUNTER.

---

**POPE ET AL. *vs.* HUNTER.**

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Where an attaching creditor swears that the sum of two thousand three hundred and fifty dollars, *besides interest, damages,* &c., is due and owing to him, he will be required only to give bond for an amount exceeding by one half the principal sum due, disregarding the *interest and damages* as too indefinite.

Where the petition claims a larger sum, by annexing a fixed rate of damages and interest, than that sworn to in the affidavit on which the attachment had been obtained, it does not thereby invalidate the attachment.

This is an attachment suit, and the case turns solely on the validity of the attachment.

On the 28th April, 1838, Chauncey Powers, a member of the firm of Pope, Powers & Smith, declared on oath, that James Hunter is justly indebted to said firm, in the sum of two thousand three hundred and fifty dollars, besides *interest, damages, &c.*; that said sum is now due, and that James Hunter resides out of the state of Louisiana.

The plaintiffs filed a bond for the sum of three thousand six hundred dollars. On the day following the petition was was filed, claiming the sum of two thousand three hundred and fifty dollars, with *interest* from protest, and four dollars, *costs* of protest, and *damages*, at the rate of ten per cent.

A rule was taken on the plaintiffs, to show cause why the attachment should not be set aside, on the ground that the attachment bond was insufficient, because it is not for an amount exceeding by one half the sum claimed, which is two thousand three hundred and fifty dollars, with interest from protest, and ten per cent. damages.

On the trial of the rule, upon an intimation from the court that the bond was insufficient, the plaintiffs offered, first, to remit the excess of their claim, so as to bring it within the penalty of the bond ; and also offered to increase the bond, with the same persons as sureties, to the amount that might be required. Both these offers were overruled and rejected by the court, to which the plaintiffs excepted ; and from judgment setting aside the attachment, they appealed.

*Elmore* and *King*, for the appellants.

*Peyton* and *T. N. Pierce, contra.*

*Martin, J.,* delivered the opinion of the court.

This is an attachment suit, and the plaintiff is appellant from the judgment which dismisses it. The attachment was obtained on an affidavit that the sum due was twenty-three hundred and fifty dollars, *besides interest, damages, &c.* The penalty of the bond is thirty-six hundred dollars. On the day following that on which the attachment was obtained, the petition was filed, in which the plaintiff's demand is stated to be twenty-three hundred and fifty dollars, with

EASTERN DIST.  interest from protest, and four dollars costs of protest, and
*April*, 1839.  damages at the rate of ten per cent.

POPE ET AL.  A rule had been taken on the plaintiff, to show cause why
*vs.*  the attachment should not be dismissed, on account of the
HUNTER.  insufficiency of the bond ; the plaintiff offered to amend his
petition, by reducing his claim to one third of the penalty,
or to give a new bond, with the same surety, for the differ-
ence between the penalty of the first bond, and a sum exceed-
ing by one half the amount of his claim.   This was refused,
the rule made absolute, and he appealed.

Where an at-  It appears to us the court erred.   The Code of Practice
taching credi-
tor swears that  requires the attachment bond to be for a sum exceeding by
the sum of twen-
ty-three hundred  one half that which is claimed.   The bond was taken for a
and fifty dollars,  sum exceeding by one half that which was stated in the affi-
*besides interest,*
*damages, &c.,* is  davit to be due.   The words *interest, damages, &c.,* being
due and owing
to him, he will  indefinite, must be disregarded, because neither the rate of
be required only  interest, nor the time from which it runs, are stated.   The
to give bond for
an amount ex-  same may be said of the costs, which, however, are covered
ceeding by one
half the princi-  by an excess of seventy-five dollars in the sum for which the
pal sum due,  bond was given, over thirty-five hundred and twenty-five
disregarding the
interest and da-  dollars, which is the sum exceeding by one half that sworn
mages as too in-
definite.  to.   The bond, therefore, at the time it was given, was suffi-
cient.   It is true, that on the next day the petition was filed,
in which a larger sum than the one sworn to is claimed.
The increase results from an allegation of damages, and a
fixation of the rate of interest, and the period from which it
began to run.

The law authorizes a plaintiff to obtain an attachment,
before he files a petition, for a sum which he swears to be
due, provided he gives a bond for a sum exceeding by one
half that to which he has sworn.   After he has exercised
that right, he is to file his petition, and whatever may be the
consequence of his claiming a larger sum than that sworn to,
this circumstance does not invalidate the attachment.   It is
now unnecessary for us to say, whether, in such a case, he
is estopped from claiming more than the sum sworn to, or
whether he may or may not amend his petition.

It is, therefore, ordered, adjudged and decreed, that the

judgment of the Parish Court be annulled, avoided and reversed, and that the rule obtained by the defendant on the plaintiff be discharged, with costs in both courts.