| 2 | 415 |
| 45 | 350 |

### GRAHAM et al. *v.* BURCKHALTER.

In proceedings by attachment all the forms prescribed by law must be strictly observed, under pain of nullity.

Where an attachment is obtained in an action in which plaintiff claims a certain sum, with interest from a date anterior to the institution of suit, a bond for a sum exceeding by one-half the principal, exclusive of interest, is insufficient; nor can the defect be cured by subsequently furnishing bond for a sufficient amount. *Per Curiam :* A sufficient bond was a condition precedent to issuing the attachment. C. P. 245.

APPEAL from the District Court of Washington, *Jones*, J. Plaintiffs attached certain slaves belonging to the defendant, a non-resident. The latter obtained the dissolution of the attachment, on the ground that the interest claimed by plaintiffs had been omitted in calculating the amount of the bond. The amount of the bond given was that fixed by the clerk in the order of attachment. The plaintiffs, on the application of the defendant for the dissolution of the attachment, tendered an additional bond, in a sum sufficient to supply the deficiency of the first. The court refused to receive it, and the plaintiffs appealed.

*Halsey*, for the appellants. 1. The attachment was good under the order. 2. Until the order had been set aside, plaintiffs were in time to complete the bond. Plaintiffs gave the bond required by the order of attachment. In this, the present case differs from those cited by the defendant. In the latter the attachment was made under a writ issued on a bond for a less sum than that required by the order, and was necessarily void. For the bond, being made a condition precedent by the court, until it had been given the order did not become absolute. Hence a writ issued without it, would want the authority of the court. Here the writ was authorised by the court, for the plaintiffs gave the bond fixed by the order. The plaintiffs complied with the requisites of article 245 of the Code of Practice, when they supplied the deficiency of their first bond by the one tendered. They obeyed both the letter and intention of the law. The defendant was secured, in the sum, and manner, required by the Code.

*J. R. Jones* and *Childress*, for the defendant. The amount in controversy, including principal and interest on the day of suing out the attachment, was $1,714 97. The amount of the attachment was only $2,180 08. According to art. 245 of the Code of Practice, the order and attachment bond should have been for $2,572 45. This article is peremptory, and cannot be evaded. See 4 Mart. N. S. 430. 2 La. 85. 3 La. 58. 13 La. 306. 17 La. 437.

The judgment of the court was pronounced by

KING, J. This suit was commenced by attachment. The plaintiffs claimed $1,453 39, with eight per cent interest, from the 17th of April, 1843. The clerk granted an order, that the writ should issue upon bond-being given by the plaintiffs in the sum of $2,180 08, which is one half over the principal debt, exclusive of interest. The counsel appointed to represent the absent defendant, moved to dissolve the attachment, on the ground that the plaintiffs had not given a bond for a sum exceeding by one-half the amount claimed and sworn to. The plaintiffs then moved for leave to amend their proceedings, by filing an additional bond for $1,000, which was tendered. This motion was overruled, and the attachment dissolved. The plaintiffs have appealed.

The judge, in our opinion, did not err, in refusing the application of the plaintiffs to amend. It has been uniformly held that, when the remedy by attachment is resorted to, all the forms prescribed by law for that proceeding must be strictly observed, on the pain of nullity. One of the pre-requisites to issuing the writ is, that the plaintiff shall annex to his petition a bond in favor of the defendant, for

<div style="margin-left:left">GRAHAM<br>
v.<br>
BURCKHALTER.</div>

a sum exceeding by one-half that which he claims; and the amount sworn to, has been held to fix the amount for which the bond is to be given. The order granted in the present instance on an insufficient bond was void, and under it no attachment could legally issue. This radical defect, which vitiated the proceedings in their inception, could not be cured by subsequently furnishing an additional bond. A sufficient bond was a condition precedent to issuing the writ. C. P. art. 245. 3 La. 18. 17 La. 437. *Judgment affirmed.*