| 3 | 687 |
| 45 | 350 |

## THE PLANTERS' BANK OF TENNESSEE *v.* BYRNE.

An attachment must be dissolved, where a bond has not been given " exceeding by one-half the amount which the plaintiff claims," as required by art. 245 of the Code of Practice. And where the amount claimed is a sum, with interest at a rate named, from a certain date, the amount of the bond must exceed by one-half the principal and interest due at the com. mencement of the action. Where a certain sum is claimed with interest, but neither the rate of interest, nor the time from which it ran, are specified, the claim for interest may be disregarded in fixing the amount of the bond.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. C. A. *Jones* and *L. Gibbons*, for the appellants. T. A. *Clarke*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. ,On motion, the court below dissolved the attachment issued in this case. The correctness of this judgment is the only question before us.

The numerous points presented by the appellee in support of the judgment, have been ably, and some of them, perhaps, conclusively met by the appel‑ lants. But there is one of them that has not been satisfactorily answered, and upon which the judgment must be sustained.

The Code of Practice requires that, the attaching creditor, as a prerequisite to obtaining the writ, must give a bond in favor of the defendant for a sum ex‑ ceeding by one-half the amount which he claims, with a surety, etc., as a secu‑ rity for the payment of such damages as the defendant may recover against him, in case it should be decided that the attachment was wrongfully obtained. See C. P. 245, etc.

It was reasonable that, the amount of the bond should be controlled by the amount of the debt sworn to, because it is to that amount that the property of the debtor may be summarily wrested from his possession. It was also just, to extend the required security somewhat beyond that amount, in consideration of the expense and injury to which the defendant might be exposed by the direct consequences of the proceeding, beyond the mere value of the property attached. The law contemplates the provision of a full and ample indemnity.

This prerequisite must be strictly construed and rigidly enforced. The remedy by attachment is an extraordinary one; dispossessing the party of his property, before his indebtedness is judicially ascertained, upon the *ex parte* showing of his adversary. Hence it has been repeatedly held that, the legal prerequisites must be fully complied with, under pain of nullity. 3 Rob. 233. 3 La. 18.

<div style="margin-left:margin">PLANTERS'<br>BANK<br>v.<br>BYRNE.</div>

In the present case the amount stated in the affidavit for attachment was, " $2270 71, with interest as set forth in the foregoing petition, and costs." Recurring to the petition, which must be taken as controlling the affidavit, and ascertaining the amount claimed for interest, we find that back interest was demanded for about eight years at six per cent per annum. The writ of attachment followed the affidavit, and commanded the sheriff to seize for an amount sufficient to discharge the debt and interest. The defendants property was, therefore, taken from him without such a previous provision for his indemnity as the law required ; for the amount of the bond given was $3500, while it should have been for a much larger sum, in order to exceed by one-half the amount claimed as due at the inception of the suit. See *Graham* v. *Burckhalter*, 2 Annual, 415.

The case of *Pope* v. *Hunter*, 13 La. 308, differs from this, because there the affidavit stated a certain sum as due, "besides interest, damages, etc." The bond was properly proportioned to the sum named, and it was considered that the words " interest, damages, etc." were to be disregarded, because neither the rate of interest, nor the time for which it ran, were stated. Upon inspecting the record of that case, we find that the writ of attachment was only for the sum specified, and was silent as to damages and interest.

*Judgment affirmed.*