## DuBois & Mish *v.* A. Xiques, Syndic.

A resolutory condition is implied in all commutative contracts, to take effect in case either of the parties do not comply with their engagements.

The dissolution of the contract for non-compliance with its obligations, may be demanded by suit or by exception.

The rights of property of an insolvent are vested by law in the syndic of his creditors.

There is nothing inconsistent in a demand for the dissolution of a lease, being coupled with a demand for the rent up to the time that possession is delivered to the lessor.

In a suit brought by a lessor against the syndic of an insolvent lessee, although the lessor's privilege can only be regularly considered upon a tableau of distribution, yet a prayer for general relief in the petition, will enable the court to reserve the rights of all parties interested in the matter.

APPEAL from the Fifth District Court of New Orleans, *Eggleston, J.* *P. Childress* and *Lacy & Upton*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

BUCHNAN, J. Plaintiff leased to *Hernandez* certain premises to be used as *a cigar store*, and for no other purpose, for the term of three years, beginning the 1st of September, 1856, at the rate of twelve hundred dollars per annum, payable in installments of one hundred dollars, on the first day of every month.

It was a condition of the lease, that the lessee should not sub lease the premises, without the consent of the lessor in writing.

The rent was paid punctually up to the 1st of March, 1858 ; but the lessee failed to pay the rent for the month of March, 1858, although demand was made for the same ; neither has any rent been paid since that time.

*Herdandez*, the lessee, having made a cession of his property, the defendant, *Xiques*, was appointed syndic of his creditors, and caused the aforesaid right of lease to be advertised for sale, at public auction, for account of *Hernandez's* creditors.

On the 6th July, 1858, there being then four full month's rent due and unpaid, the plaintiffs filed their petition in this case, setting forth the facts aforesaid, and prayed that the syndic and the Sheriff be enjoined from selling the lease aforesaid ; that the same be annulled, and possession of the leased premises delivered to plaintiffs ; and for judgment recognizing their claim as a privilege, to be paid out of the proceeds of the sale of the fixtures on the premises leased, to the amount of four hundred dollars, due at the date of filing petition.

The legal formalities being complied with, a writ of injunction issued as prayed for. The syndic excepted to the petition, as containing no cause of action ; that the action to avoid the lease was a personal action against the lessee, and was lost by his cession of property ; that the prayers for rent, and for the annulling the lease, are inconsistent ; and that no action lies against the syndic for a monied demand.

A rule to quash the injunction upon the same ground, pleaded in the exception, was subsequently taken by defendant upon plaintiffs.

The exceptions and rule were sustained by the District Court, and the injunction dissolved ; from which judgment the plaintiffs prosecute this appeal.

The contract between plaintiffs and *Hernandez* is a commutative contract ; and a resolutory condition is implied in all commutative contracts, to take effect, in case either of the parties do not comply with his engagements. C. C. 2041.

The dissolution of the contract for non-compliance with its obligations, may be demanded by suit or by exception. C. C. 2042.

In this case, the action was properly brought against the syndic of *Hernandez's* creditors, in whom were vested by law, the rights of property of the insolvent. Acts of 1855, page 433.

The petition presents a case for the dissolution of the contract of lease. Apart from the general provision of law, conferring the right of action, upon the facts stated, we find it alleged, that the resolutory condition was expressed in the contract between the parties ; and that allegation is confirmed by the copy of the lease annexed to the petition.

There appears nothing inconsistent in a demand for the dissolution of the lease, being coupled with a demand for the rent up to the time that possession is delivered to the lessor. The former implies that a contract exists, which it is the purpose of the plaintiff to put an end to, by judgment of court. The latter requires that by the same judgment, it be decreed that the party in default shall pay the amount due under his contract, at the moment of its dissolution, and to the time of execution of the other branch of the action.

But there is no demand for a money judgment against the syndic of *Hernandez*. There is only a prayer for the recognition of a privilege, and if it be objected, as it may be, under our jurisprudence, that such a privilege can only be regularly considered upon a tableau of distribution, the prayer for general re-

lief, in the petition contained, will enable the court to reserve the rights of all parties interested in this matter.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; that the exceptions of defendant be overruled, and the rule to quash the injunction dismissed ; that the defandant, *Xiques*, in his capacity of syndic of the creditors of *A. Hernandez*, pay the costs of said exception and rule, and of this appeal ; and that the cause be remanded to the District Court for further proceedings according to law.