218        SUPREME COURT OF LOUISIANA.

Hughes vs. Mattes and Old Bangor Slate Co.

No. 13,412.

WILLIAM H. HUGHES VS. E. A. MATTES AND OLD BANGOR SLATE COMPANY.

SYLLABUS.

1. In this action by plaintiff against one of the defendants, to recover the price of slates, the latter, as a witness, admitted owing nearly the whole amount claimed and the remainder of plaintiff's claim is sustained by the testimony.

2. The debtor's note for an open account does not, in the absence of an agreement, novate the debt. In obtaining an extension of time and giving a new note without obtaining a surrender of the old note, there was no novation. The obligation itself has never changed, only the evidence of the obligation has changed.

3. There is no *dation en paiement* as relates to third persons unless the property donated in satisfaction of a debt is delivered.

4. An attachment will be maintained in which the amount of the bond is equal to the amount sworn to, though not equal to the amount claimed.

A PPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

*Benjamin Rice Forman,* for Plaintiff, Appellee.

*Dinkelspiel & Hart* and *E. A. O'Sullivan,* for Old Bangor Slate Company, Defendant, Appellant and Appellee.

*Walter B. Sommerville,* for E. A. Mattes, Defendant, Appellant and Appellee.

*J. Paris Childress,* for J. B. Lee, in his capacity of Curator of Estate of Honora Lee, Interdict, Third Opponent, Appellee.

The opinion of the court was delivered by

BREAUX, J. This action was brought to recover a judgment in the sum of nine thousand nine hundred and fourteen dollars, with interest; and, in that connection, for a writ of attachment against the defendant

TERM OF 1900-1901. 219

Hughes vs. Mattes and Old Bangor Slate Co.

to attach and seize property to the amount of four thousand dollars, and for a judgment decreeing that property transferred by his debtor to his co-defendant was made in fraud of his rights as creditor.

In his original petition, plaintiff sets out that, in the year 1885, his father, whose rights this plaintiff, being his only heir, inherited, engaged in quarrying slate, that he appointed E. A. Mattes, one of the defendants, his agent for the sale of slate in Louisiana, and that Mattes, in sixty days after the receipt of each invoice would settle in cash for the slate at invoice prices, or would give interest-bearing notes.

The terms of the agreement are substantially as follows: Plaintiff, successor of his father, was to ship all kinds and colors of roofing slates to the defendant before named, as ordered, which were to remain the property of the plaintiff until actually sold and delivered by this defendant. All sales were to be governed by the laws of this State. Sixty days after the receipt of each invoice, this agent was to pay its amount in cash or in his own notes bearing interest.

The attachment issued in accordance with plaintiff's prayer and certain movable property was attached, also the immovable property which the defendant Mattes sold to his co-defendant, the Old Bangor Slate Company, which sale plaintiff attacks as having been made in fraud of his rights as creditor.

The Bangor Slate Co. filed an exception to the action. Mattes, the other defendant, filed an answer alleging that the attachment had wrongfully issued and denying all indebtedness to plaintiff and averring the insufficiency of plaintiff's bond.

The lessor of Mattes intervened in the suit, claiming rental to the amount of three hundred and eighty-five dollars. The exception filed by the Old Bangor Slate Co. was overruled. The cause being at issue, it was taken up for trial. During the trial, Mattes obtained leave from the court to amend his answer and alleged novation of his claim by plaintiff. No amendment pleading novation was filed. At another and subsequent term of the court, plaintiff filed an amendment to his petition setting forth that prior to November, 1896, Mattes was plaintiff's agent for the sale of his slate; that the notes described in his original petition were executed by Mattes as evidence of amount due, but that they did not novate the notes pleaded and included in the first petition.

With reference to the novation in question, the evidence shows that

when the first notes matured, as they were not paid, other notes were forwarded.

With reference to the sale attacked, it appears that a sale for cash was made as alleged, but in reality in payment of Mattes' indebtedness to the Bangor Slate Co. The vendor remained in possession from the date of the sale, and was in possession years after, when the case was tried. The deed of sale contains a declaration that the property was free from mortgage, although there was a mortgage of about four thousand dollars bearing upon the property.

Plaintiff called for the letters of their agent in New Orleans to the Old Bangor Slate Co. They were not produced and no reason given for not producing them. Plaintiff, also, contends that he has established the insolvency of Mattes, and that this insolvency was known to the agent of the Old Bangor Slate Co. in New Orleans.

We are not of the opinion that the relations between the plaintiff and the defendant, Mattes, were those of principal and agent. No question, but that originally their business relations were those of principal and agent, but in the course of time, they were changed, plaintiff becoming the seller, and the defendant, the buyer. Instead of shipping the slate as a principal to his agent to be sold and the sales to be accounted for to the principal, plaintiff shipped his slate to the defendant and charged him with their value as the price. Plaintiff, as originally intended, looks to the claim acquired by the defendant against his customers for payment. He dealt directly with the defendant himself, who furnished his notes as amounts of his purchases from plaintiff became due, that is, after sixty days after the delivery of the slates as stipulated.

While it is true that the indebtedness is not fiduciary in character and did not arise between principal and agent, yet the error in thus alleging was cured by the amendment filed, to which we have already referred, and by the evidence admitted without objection, which proves that the contract was one of sale, and that the obligation did not arise in carrying out a mandate. The total claimed is evidently due. True, the demand, as relates to the amount, is controverted in the answer; even the defendant, however, in his testimony admitted that all the sum which plaintiff claimed was due, save a comparatively small amount. Other evidence than defendant's admission in regard to his indebtedness, shows that the small amount not admitted to be due is as due as the amount admitted.

Defendant Mattes, in argument, at least, sets up novation and consequent release from his original obligation to pay to plaintiff, as his vendee, and the claim being novated, that the action should fall. The case was argued here as though the issue of novation had been formally pleaded. Evidence on the subject was introduced without objection, and for that reason we consider the point before us for decision. The open account due by defendant Mattes to plaintiff was closed in accordance with agreement and notes were furnished therefor.

The transaction between the parties does not show the least intention to novate. It was done only to facilitate their business and not with the view of any change in the responsibility of the parties. There was no novation.

The old notes which the defendant claimed were novated were never surrendered to him. At their maturity, as the defendant did not pay them and as he desired more time within which to pay, they were renewed by executing new notes. It appears that the old notes had been deposited by plaintiff, who chose to use the credit which they represented in his business. At maturity, desiring to retain and safeguard their negotiability and to prevent their becoming tainted as past due paper, they were renewed as before stated and the new notes deposited for plaintiff's account in his business.

Defendant pleads that one of the notes, the last he executed, being for four thousand eight hundred and fifty dollars, was expressly accepted in payment. Plaintiff endeavors to meet this averment by testifying that whatever acceptance there may have been, if any, was the acceptance of his clerk in his absence, and without any authority on his part. Considered from any point of view, we do not gather from the testimony that this clerk or the plaintiff intended to accept this note as a total or a partial payment of the claim. Novation is not easily presumed. To effect it, it must appear so evident that there can be no doubt but that novation was intended. Here there was no new obligation between the creditor and the debtor. The old debt remained; it was only the evidence of the old debt that was changed in order to retain the negotiability of the instruments. The whole was a continuing business transaction with nothing during its continuance showing an intention absolutely to satisfy any of the old notes with new ones. Brinkhaus vs. Pavey, 51 Ann. 1334.

Defendant Mattes complains of plaintiff's action in suing to revoke

and set aside the *dation en paiement* made by him to his creditor, the Old Bangor Slate Co., in satisfaction of a debt due by him to the latter. The Old Bangor Slate Co. has not, in its pleadings, sought to attack this act of transfer. Mattes alone complains.

The district judge, in a carefully prepared written opinion, held, in substance, that plaintiff's demand to avoid this act was sustained by the evidence; that it was evident that the defendant was insolvent and that Wolfson, the agent of the transferree, the Old Bangor Slate Co., who brought about the *dation en paiement,* was aware of the insolvency and that it, the Old Bangor Slate Co., is bound by the knowledge the agent had; that it is significant that this agent was not called as a witness by this company to refute plaintiff's ground in this respect; that the defendant company failed to show or explain why it was that it accepted the transfer of property mortgaged for as much as it is worth, a fact which must have been known to the agent who, none the less, accepted the deed, though it contained the declaration that the property was not burdened by a mortgage, and further, that the presumption against the validity of the act was fortified by the continued occupation of the property by the vendor, Mattes, who was at most a nominal lessee; also by the failure on the part of the Old Bangor Slate Co. and its officers to produce the correspondence called for by plaintiff and by completely ignoring plaintiff's demand in that respect, that is, the correspondence between Wolfson and the said company and its officers relating to this *dation en paiement.*

We are not inclined to disagree with the conclusions of the judge of the District Court.

After having considered questions relating to the *dation en paiement* in all their bearing, we arrived at the conclusion that upon another ground, also, the transfer should be pronounced null as regards third persons, and, upon this ground we will rest our decree on this point. There can be no question but that there was a failure on the part of the transferror to deliver the property, and that the transferree never went into possession. We have already stated that this act between the debtor Mattes and the company in question was a *dation en paiement.* No consideration passed between them; the transfer was exclusively in satisfaction of a debt. The Articles of the Civil Code are clear enough. Delivery is of the essence. Without it there is no *dation* as to third

persons. C. C. 2656. It only remains for us to apply the plain letter of the law and to decree the sale a nullity as to the plaintiff.

This brings up to the objection growing out of the fact that plaintiff, in his petition, asked for a writ of attachment to issue to the amount of four thousand dollars, with a privilege to that amount on the property attached, and in addition for judgment for the amount of nine thousand nine hundred and fourteen dollars, with interest from the date of each note.

Plaintiff chose to limit his attachment to the amount before stated. If he be entitled to an attachment for this amount only, the fact that he claims a larger amount should not prejudice his right to an attachment for an amount less than his whole claim.

Attachment was sustained in at least two cases in which the amount of the bond was equal to the amount sworn to and was not to the amount claimed. Johnson & Co. vs. Dickens, 5th Ann. 131; Pope vs. Hunter, 13 La. 308. Moreover, no motion to dissolve was ever filed. Defendant Mattes, in his answer, averred, after having pleaded the general issue, that the attachment had "wrongfully issued without just and legal cause upon an insufficient bond." An attachment may be dissolved on motion or exception. It is not to be dissolved on motion after having pleaded to the merits. Meyers vs. Pavy, 1 Ann. 372; Enders vs. Clay, 8 R. 30; C. P. 344. The defendant pleaded to the merits and, afterwards, on the ground alleged as before stated, sought to dissolve the attachment.

The plea to dissolve was directed against the alleged insufficiency of the bond and inserted in the answer after the defendant had pleaded the general denial. It does not appear that the District Court's attention was ever called upon to decide this plea which defendant chose to present as part of his answer on the merits. No attempt was ever made by defendant to exercise the right he attempted to reserve.

If the court's attention was directed to this plea, we have not found anything indicating it of record. We infer from the record that the case was tried on other issues. We will pass upon and decide the other questions raised and now before us in a separate appeal by plaintiff and in another separate transcript.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.

WATKINS and BLANCHARD, Judges, dissent.