(61 South. 404.)

No. 19,085.

SCHULTZE et al. v. FROST–JOHNSON LUMBER CO.

(Jan. 20, 1913. On Application for Rehearing, March 17, 1913.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE (§ 274*)—COMMUNITY PROPERTY—SETTLEMENT BETWEEN SURVIVOR AND HEIRS.

As plaintiff claims title through the heirs of the first wife of Thomas Green Davidson, and as the proof tends to show that Davidson settled with his children for their mother's share of the community, these children had no claim against

their father, and could therefore transfer none to the plaintiff.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. § 274.*]

2. DEEDS (§ 82*)—RECORD—EFFECT.

While the registry of a deed may be necessary to bind third parties, it is not necessary to bind the parties or their heirs, as the heirs are not considered as third persons.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 217; Dec. Dig. § 82.*]

3. HUSBAND AND WIFE (§ 274*)—COMMUNITY PROPERTY—DISPOSAL BY MASTER.

The acts of the master of a community, not fraudulent, in disposing of the property of the community are binding on the heirs.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. § 274.*]

4. HUSBAND AND WIFE (§ 274*)—COMMUNITY —HEIRS.

The dation en paiement is effective as to the heirs.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. § 274.*]

5. ADVERSE POSSESSION (§ 40*)—PRESCRIPTION—DURATION OF POSSESSION.

As the defendant has been in possession in good faith for more than ten years, the plea of prescription is good.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 148–183; Dec. Dig. § 40.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by Joseph A. Schultze and others against the Frost-Johnson Lumber Company, and the W. W. Carre Company, Limited, and others were called in warranty. From a judgment for defendant, plaintiffs appeal. Affirmed.

M. J. Cunningham, Pierre D. Olivier, and Wm. H. Byrnes, Jr., all of New Orleans, for appellants. R., C. & S. Reid, of Amite, for appellee Frost-Johnson Lumber Co. W. S. Rownd, of Doyle, and Clay Elliott, of Amite City, for appellee Mrs. J. H. Davidson.

BREAUX, C. J. In the present case plaintiffs bought the land they claim from the heirs of the late Thomas Green Davidson and his first wife, Mrs. Frances E. Davidson. Mrs. Davidson died in 1862. Prior to 1872, Thos. Green Davidson settled with the children of his first wife for all amounts inherited by them from their mother.

[1] The weight of evidence is that the heirs who undertook to transfer to plaintiffs the property in 1888 had received their inheritance from Thos. G. Davidson long prior to that date, and in consequence had no claim to transfer.

Plaintiffs brought this suit to recover judgment against the defendants for the property described in their petition which belonged to Davidson and his first wife. The succession of the first wife having been settled, there is no right of action in so far as relates to the succession of the first Mrs. Davidson.

[5] The prescription pleaded of 30 years and of 10 years is a complete bar. It must be borne in mind that Mrs. Davidson died in 1862. It is now too late for the heirs to recover these lands against those who have had possession as owners in good faith for over 10 years.

[2, 3] Now, as to the interest of Thos. Green Davidson in these lands: The act of sale of March 26, 1875, was destroyed at the time that the courthouse was destroyed by fire. Thos. G. Davidson conveyed the land to George Colmer. This deed is dated March 25, 1875; it was confirmed by an authentic act of 1877—an act made necessary by the fact that the original deed had been destroyed by fire, as just before mentioned. It is strenuously urged that the deed was not authentic. Conceding for a moment that it was not, it was duly recorded in the recorder's office in due time. But, conceding that it was not recorded in due time, it was an act inter partes (the act of the father, Thos. G. Davidson, as to whom his heirs cannot plead they were third persons); they are not in a position to invoke the law of registry; and they are bound by the acts of their an-

cestor. It had been his property as head of the community, and what he did in disposing of it is binding upon the heirs.

[4] The contention is also that it was a dation en paiement, and that, as actual possession had not been given, the dation could not be of any effect. This is very true as to third persons, but not as to the heirs. As to third persons, there is no dation en paiement unless delivery is made. Moreover, it was an onerous donation; after 30 years it cannot very well be annulled for the effect of time and prescription have cured defects of form, if any there were, as claimed. Hughes v. Mattes, 104 La. 218, 28 South. 1006.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

### On Application for Rehearing.

PER CURIAM. The two cases (No. 19,084 [60 South. 629] [1] and No. 19,085) are very similar. The issues were decided in No. 19,084, a decision handed down recently. It was applicable to both cases. In both cases, plaintiffs and appellants attack a dation en paiement made by Thomas Green Davidson, over 30 years before this suit was brought, on the ground that the sale was without consideration; that the judgment preceding the sale was illegal, and other similar grounds. Plaintiffs also claim that the property belonged to the first community between Thomas Green Davidson and his first wife, mother of the plaintiffs; vendor and plaintiffs allege that, on the death of the wife, her heirs became the legal owners of her half interest therein.

That is all true, and plaintiffs would be entitled to recover if they had not concluded themselves by estoppel and by allowing prescription to run during 30 years. Moreover, the evidence shows that plaintiffs' authors in title have settled with their father (David-

[1] 131 La. 956.

son) and received sums in satisfaction of their claim. The papers had been destroyed by fire, and for that reason effect was given to oral testimony, admitted at the instance of defendants, which the court considered entirely truthful.

Plaintiffs bought the interest of the heirs of Mr. and Mrs. Davidson in the estate of their father and mother. There was no physical description given of the property. It passed from owner to owner, as well it might, as purchasing the interest of the heirs in the estate was not the purchase of separate, well-described property such as is required in order to transfer a good title. In other words, there was no record owner of the property to serve as a notice that the antecedent title had passed to others than those under which defendants own.

We have considered all the issues in this case, and, after careful deliberation, we have not at any time thought that it was possible to recognize plaintiffs as owners of the property. Third persons have acquired rights that must be recognized after settlement between the heirs and their late father and the many years that have elapsed.

Rehearing refused.