————o————

No. 6036.

## SAMUEL D. PETERS vs. VIOLA LAROQUE TURGEAU, WIFE OF E. E. RANDALL.

### Syllabus.

Novation is never presumed. Consequently in the absence of proof of an intention or agreement to vacate, the taking of a note will not be held to novate the debt.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 101,837. Hon. E. K. Skinner, Judge.

S. D. Peters, H. L. Garland and Charles Louque, for appellant.

Lyle Saxon, for appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

— 197 —

In the matter entitled **Samuel D. Peters vs. Viola L. Turgeau, Wife of Elmer E. Ransdall,** No. 5615 of our docket, decided June 18th, 1912 **(9 Ct. of App., 355)**, we held that the present defendant was not liable upon a note which she had executed in favor of her attorney for services rendered to her in procuring a divorce from her husband; but we reserved to plaintiff, to whom the attorney had negotiated the note, the right if any existed, to sue upon a **quantum meruit.**

The present suit, instituted in conformity with that reservation, was met by several pleas or exceptions, one of which, namely, that of **res adjudicata,** was sustained and the proceeding dismissed, the trial Court holding that the taking of the note novated the claim for services and that consequently our prior judgment in the suit upon the note was a bar to the present action.

As there is nothing in the record to show an intention to novate the taking of the note merely changed the evidence and not the character of the debt. Novation is never presumed, and the Courts have consistently held that, in the absence of proof of an intention or agreement to novate, the mere taking of a note will not novate the debt.

**Adler vs. Burton Lumber Co., 46 An., 379; Hughes vs. Mattas, 104 La., 218.**

The judgment is accordingly reversed and set aside and the cause remanded for further proceedings in conformity with the views herein expressed and according to law, the defendant to pay the costs of appeal and those of the trial Court to await the final determination of the cause.

Reversed and remanded.

Opinion and decree, March 23, 1914.