—————o—————

## No. 6376.

## GLAUBER BRASS MANUFACTURING COMPANY vs. JOS. B. AND BERTRAND F. IBOS.

### Syllabus.

The novation of the solidary debt of the former members of a dissolved partnership will not be presumed from the mere fact that the creditor, with knowledge of the partnership's dissolution, takes the individual note of one of the former partners for the amount of the debt.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 108,070. Honorable E. K. Skinner, Judge.

Richardson & Soule, for plaintiff and appellee.

Wm. V. Seeber, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendants are being sued to enforce their solidary liability as former members of the dissolved part-

nership of Ibos Brothers for goods sold and delivered by plaintiff to said firm during its existence. There was judgment against them in solido, and Joseph B. Ibos, the only defendant who contested the claim below, appeals.

His defense is that since the dissolution of the partnership the debt has been novated between his former partner and the plaintiff, and that he has been released from liability because "by the novation made between the creditor and one of the debtors in solido, the co-debtors are discharged." R. C. C., 2198.

All that appellant relies upon as establishing a novation is the fact that plaintiff, after acquiring notice of the dissolution of the firm, took out the note of appellant's former partner and co-debtor for the amount of the debt.

There is no proof that plaintiff accepted the note as a settlement, payment, or liquidation of the indebtedness, and consequently the following authorities cited by appellant are without application, since they all involve cases wherein the creditor expressly acknowledged that the note should constitute a payment or extinguishment of the debt:

Barron vs. Howe, 2 N. S., 144; Abot vs. Nolte, 6 N. S., 637; 2 La., 111; 16 La., 140; 4 A., 543.

Moreover the doctrine of these cases has been greatly modified by the later jurisprudence, and it is now well settled that even the giving of a receipt acknowledging payment by note is not sufficient evidence in itself of a novation:

Adler & Co. vs. Lumber Co., 46 A., 382; Bordelon vs. Weymouth, 14 A., 98; Phifer vs. Maxwell, 38 A., 862; Jordon & Co. vs. Anderson, 29 A., 752; Hughes vs. Mattes, 104 La., 218; Brink-

haus, 51 An., 1334; Studebaker Bros. vs. Endom, 51 An., 1263; Fox vs. Barksdale, 118 La., 343; and Montross vs. Byrd, 6 An., 518.

The cases of Byrd vs. Montross, supra, and Studebaker vs. Endom, supra, are precisely in point, since the Court therein held, that the act of the creditor, after the dissolution of a partnership and with full knowledge thereof, in taking the note of one of the former partners, will not operate as a novation of the debt.

Hoopes & Townsend vs. McCan, 19 An., 201, cited by appellant, is clearly distinguishable from the present case, since an intention to novate was clearly deducible from the fact that the creditor knew that the liquidating partner, whose note it had accepted in settlement, had assumed all the partnership debts.

We, therefore, find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 17th, 1915.