LAND, J.
The plaintiff sued out an attachment against the nonresident defendant *1083 company, which was dissolved on motion of the curator ad hoc appointed to represent the absent defendant, on the ground that the attachment bond was not given for a sum equal to that which the plaintiff claims, as required by article 245 of the Code of Practice.
The plaintiff has appealed, and the case has been argued before this court with much earnestness, ingenuity, and ability.
[1, 2] The bond for the attachment is equal to the sum of the debts alleged to be due. The plaintiff prayed for -judgment for $7,: 260.05, with legal interest on $1,448.95 from the 12th day of November, 1913, until paid, and on $5,811.10 from judicial demand. A calculation shows that the interest accrued to the date of the filing of the suit amounts to $17.10, for which no bond was given.
The question to be decided is whether such interest forms a part of the sum claimed by the plaintiff.
Article 245 of the Code of Practice of 1825 required that an attachment bond should be for a sum exceeding by one-half that which the plaintiff claims. In Erwin v. Bank, 12 Rob. 227, it was held that an attachment bond must be for a sum exceeding by one-half the whole amount due, inclusive of the interest which had accrued up to the date of the filing of the suit. In Graham v. Burkhalter, 2 La. Ann. 415, the court again held that an attachment bond for a sum exceeding by one-half the principal, exclusive of interest, is insufficient, and, further, that the defect could not be cured by subsequently furnishing bond for a sufficient amount. Both of these cases were reaffirmed in Planters’ Bank v. Byrne, 3 La. Ann. 687.
In the case at bar, the affidavit, annexed to the petition, is “that all of the facts and allegations therein contained are true and correct.”
The contention that the petition does not claim interest, ignores the prayer for judgment for interest, and the prayer for the maintenance of the writ of attachment, and the payment of “petitioner’s claim, interest, and cost” by preference and priority out of the proceeds of the sale of the property attached and the writ which issued for principal and interest, and is solely based on the allegations of the petition, which are silent as to any-claim or demand for interest. The allegations of the petition disclose that the sums sued for were due and unpaid at the date of the filing of the suit, and that one of them had been past due for some months, and the prayer fixes the maturity of the debt as of date November 12, 1913.
Under the laws of this state debts bear interest at the rate of 5 per cent, per annum from the time they become due. C. C. art. 1938; C. P. art. 554.
In Daquin v. Coiron, 8 Mart. (N. S.) 608, it was held that where the interest is a legal consequence of the debt, a demand for the principal is a demand for the principal and interest, and that C. P. art. 533, refers to cases where interest has been stipulated. This decision was predicated on the rule that the pleader need not allege conclusions of law.
If G. P. arts. 157, 522, and 553 are applicable, then interest was expressly claimed in the prayer for judgment.
Plaintiff not only claimed interest, but swore it was due, as a part and portion of his claim. Plaintiff was required to state expressly and positively the amount which it claimed (C. P. art. 242), and was required to swear to the existence of the debt demanded by it in order to ■ obtain the attachment (C. P. art. 243). The interest claimed was a part of the debt.
The cases of Pope v. Hunter, 13 La. 306, Fellows Johnson & Co. v. Dickens, 5 La. Ann. 131, and Hughes v. Mattes, 104 La. 218, 28 South. 1006, have no application. In the first two eases the bonds were sufficient, as *1085 measured by the claims of the plaintiffs as set forth in the affidavit. In the last case the plaintiff limited his attachment to a certain amount.
Nearly two months after the attachment was sued out the plaintiff filed a motion, for permission to remit the accrued interest prayed for by the plaintiff, on the ground that the allegations of the petition claimed no interest. This motion was properly overruled, because an attachment must stand or fall according to the state of facts existing at the time of its issuing, and cannot be cured by a subsequent event. Todd v. Shouse, 14 La. Ann. 428.
In Graham v. Burckhalter, 2 La. Ann. 415, the plaintiff moved for leave to amend by filing an additional bond. This motion was overruled and the attachment was dissolved. On appeal, the judgment was affirmed, the court saying, in part:
“The order granted in the present instance on an insufficient bond was void, and under it no attachment could legally issue. This radical defect, which vitiated the proceedings in their inception, could not be cured by subsequently furnishing an additional bond. A sufficient bond was a condition precedent to issuing the writ.”
In Planters’ Bank v. Byrne, 3 La. Ann. 687, where the attachment bond was insufficient in amount, the court said:
“This prerequisite must be strictly construed and rigidly enforced. The remedy by attachment is an extraordinary one, dispossessing the party of his property, before his indebtedness is judicially ascertained, upon the ex parte showing of his adversary. Hence it has been repeatedly held that, the legal prerequisites must be fully complied with, under the pain of nullity.”
To permit a plaintiff to reinstate an illegal attachment by entering a remittitur, would be contrary to the uniform decisions of this court from the beginning of our jurisprudence.
It has been expressly held that subsequent pleadings increasing the claim of the plaintiff cannot affect the question of the legality of the attachment bond. Pope v. Hunter, 13 La. 306; Fellows Johnson & Co. v. Dickens, 5 La. Ann. 131. By a parity of reason, subsequent pleadings remitting a portion of the claim of the plaintiff cannot reinstate a void attachment bond.
[3] The rule “De minimis non curat lex” has been applied to an attachment bond where the deficiency was “less than $1.” Bodet & Gueydan Brothers v. Jules Nibourel, 25 La. Ann. 499. In another case, where the deficiency was $57, the court refused to apply the rule de minimis, saying:
“Those who invoke process of this kind have been uniformly required to fulfill the minutest requirement. Even if the application of the rule was justifiable when the deficiency of the bond was less than $1, such application is not a precedent to be followed in this case.”
In Pelletier v. State Nat. Bank, 112 La. 564, 36 South. 592, the court held that even if the rule de minimis applies to appeal bonds, it cannot cure a deficiency of $32.91 in a suspensive appeal bond of $15,032.91. The court, among other cases, cited State ex rel. Jorda v. Judge, 29 La. Ann. 776, where the deficiency in the appeal bond was $7.45, and the court said:
“The maxim de minimis does not apply.”
On rehearing, the court, in the Pelletier Case, cited Keenan v. Whitehead, 15 La. Ann. 333, where the deficiency was less than $20, and Marchand v. Casanave, 22 La. Ann. 626, where the deficiency was about $10.
If the maxim de minimis is applicable to an attachment bond, it must be restricted to a deficiency too insignificant for consideration.
Judgment affirmed.
O’NIELL, J., dissents on refusal to grant rehearing.