### TUEMLER v. LATTER & BLUM, Inc.

### No. 17020.

Court of Appeal of Louisiana. Orleans.

April 24, 1939.

Montgomery & Montgomery, of New Orleans (Brainerd S. Montgomery, of New Orleans, of counsel), for appellant.

Charles J. Rivet, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff appeals from a judgment dismissing, on exception of no cause of action, her suit for damages for loss which, she alleges, has resulted from the departure of a month-to-month tenant occupying her premises, which departure and resulting loss of rent is asserted by her to have been caused by the negligence of defendant corporation, with which she had listed her said property for rent and which negligence, she charges, consisted in publicly advertising the said premises in violation of her instructions to merely list them and not to publicly advertise them.

Plaintiff alleges that she is the owner of the premises No. 508 Walnut Street and that on February 1, 1936, she employed defendant corporation to attempt to secure for her a long-term tenant at $150

per month. She avers that she informed defendant that a Mrs. Berenice R. McGary was then occupying the property on a month-to-month basis and that the said tenant had obligated herself to remain at least until March 9, 1936, and "had informed your petitioner that she intended to lease upon the same basis as long as your petitioner would allow her to remain in possession of the premises". She avers that, because of this, she feared that Mrs. McGary might vacate should she discover that it was plaintiff's desire to obtain a long-term tenant and that, therefore, she instructed defendant to make no public advertisement of the property, but that, in spite of this instruction, defendant publicly advertised the premises for rent and that, as a result, Mrs. McGary vacated and has not paid her rent for the period expiring March 9 and that, in addition to the loss of rent for that month, she—plaintiff—has lost the said tenant, who, she alleges, would have remained at least two months more.

Based on these allegations, she calculates that she has lost rent for three months; that the rental value of her property is $150 per month and that, therefore, she has sustained damage in the sum of $450 because of defendant's negligent disregard of her instructions. She avers, also, that when Mrs. McGary vacated, she refused to pay the rent for the month expiring on March 9, taking the position that the advertisement was tantamount to a notice to vacate, and that, since she had received such notice to vacate, the contract of lease was automatically terminated and that with it there also expired the right of plaintiff to collect rent even for the period during which Mrs. McGary had agreed to occupy the premises.

 It is obvious that, if plaintiff has lost her rent money for the month terminating on March 9, that loss was not caused by defendant's publication of the advertisement, because even the giving of a legal notice to vacate at the end of a contract period would not deprive the lessor of the right to collect the rent for that period. This was held in Dubois & Mish v. Xiques, Syndic, 14 La.Ann. 427, and in Ruffo v. Marcotte, Orleans No. 8162 of our docket, unreported, decided January 2, 1922. Beyond this it is equally evident that the mere publication of an advertisement offering property for rent is in no sense a formal notice to vacate to a tenant already occupying the property.

Art. 2686 of the Revised Civil Code provides that, where property is leased and no term is fixed in the agreement, "the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run." Surely, the publication in a newspaper of an advertisement that property is offered for rent, where no time is fixed at which the new tenant may be permitted to occupy the property, cannot be construed as a notice to the present tenant to vacate. Plaintiff was entitled to hold Mrs. McGary for rent until March 9 since she had agreed to occupy the premises at least until that time. If she did not collect the rent and if she has permitted Mrs. McGary to move out and to relieve her effects from the effect of the lessor's lien, such loss as has resulted was caused by her own negligence and not by defendant. It is entirely problematical whether Mrs. McGary would have remained in the property after March 9. She was not obligated to do so, as the petitions show. Thus, to hold defendant liable for a loss of rent which, in any event, there was no obligation in anyone to pay, would be to allow recovery for purely speculative damages.

Furthermore, it is inconceivable that defendant, even had it not advertised the property, could have properly carried out its contract with plaintiff except by doing something which must have brought to the notice of Mrs. McGary the fact that plaintiff was desirous of securing another tenant. It is impossible to believe that defendant could have secured another tenant without at least permitting such other tenant to inspect the premises. If there had been an inspection, it could only have been with the consent of Mrs. McGary, who would at once have become advised of the intention to lease the property to someone else.

After giving careful thought to all of the allegations of both petitions, we conclude that the court a qua was not in error in dismissing the suit on exception of no cause of action.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.