**HARNISCHFEGER CORPORATION, a Delaware Corporation, and Harnischfeger Gmbh, a German Corporation**

v.

**The MINISTRY OF ROADS AND TRANSPORTATION, an Agency of the Government of Iran.**

Civ. A. No. 80–0089.

United States District Court, E. D. Louisiana.

Jan. 21, 1980.

Warren M. Schultz, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

No counsel for defendants.

CHARLES SCHWARTZ, Jr., District Judge.

Plaintiff herein claims 5.7 million dollars in damages and in order to secure partial satisfaction of such, prays that an attachment issue on certain movable assets owned by defendant and located in this jurisdiction. Plaintiff specifically alleges that these assets have a maximum value of

$300,000.00 but will probably bring only $100,000.00 at a forced sale. Thus, the maximum value of this attachment is the sum of $300,000.00, and plaintiff contends that the bond herein should be fixed at the sum of $300,000.00. In other words, plaintiff, by seizing only the movable property referred to above, limits this attachment to the sum of $300,000.00.

The Louisiana Code of Civil Procedure provides in pertinent part:

> The security required for the issuance of a writ of attachment shall be for the amount of the plaintiff's demand, exclusive of interest and costs . . .

L.S.A. R.S. L.C.C.P. Art. 3544.

In construing the predecessor to the above article, Code Prac. Art. 245, the Louisiana courts held that the bond must be in the amount prayed for and no less.[1] *Red Cross Lumber Co. v. Frank I. Abbott Lumber Co.,* 138 La. 1082, 71 So. 191 (1916); *Lehman v. Broussard,* 45 La.Ann. 346, 12 So. 504 (1893); *Yale v. Cole,* 31 La.Ann. 687 (La.1879).

 However, the Louisiana Supreme Court has interpreted this statute to mean that when a plaintiff limits the value of the attachment to a sum less than the total claim, the amount of the bond need not exceed the value of the attached property.

In *Hughes v. Mattes,* 104 La. 218, 28 So. 1006 (1900) plaintiff sued for $9,914, but sought a writ of attachment in the amount of $4000. The Court held:

> "Plaintiff chose to limit his attachment to the amount before stated ($4000). If he be entitled to an attachment for this amount only—i. e. for one half of his claim,—the fact that he claims a larger amount should not prejudice his right to an attachment for an amount less than his whole claim." Pg. 1008.[2]

Although the Louisiana Supreme Court in *Red Cross Lumber, supra* refused to apply

the *de minimus* rule and voided an attachment secured by a bond that was $17.10 less than the amount of the demand, it carefully distinguished that issue from that of *Hughes v. Mattes, supra,* where the plaintiff expressly limited the amount of the attachment to a sum less than the demand and in effect affirmed this earlier decision.

Accordingly, we find that as here, where plaintiffs limit the value of the attachment to a certain amount and furnish a bond in that amount, the writ of attachment may issue.

---

1. La.Code Prac. Art. 245 stated that the bond should be in a "sum equal to that which he claims."

2. The Court relied on two earlier decisions upholding attachments with bonds furnished on the amounts sworn to in the affidavits although the subsequent demand was for a greater amount. *Pope v. Hunter,* 13 La. 306 (La.1839); *Fellows, Johnson and Company v. Dickens,* 5 La.Ann. 131 (La.1850).