### NARREGANG v. MUSCATINE MORTGAGE & TRUST CO.

An attachment in an action to recover damages for breach of contract to convey real estate that has been issued upon an affidavit which fails to enumerate any of the acts or ommissions constituting actionable detriment, under section 4586 of the Compiled Laws, and which states no ground for damages ascertained or ascertainable by reference to the contract, or from which the court can definitely determine, by any fixed rule of law or measure of damages, the amount which plaintiff is entitled to recover, should be on motion vacated and discharged. Coats v. Arthur. 5 S. D. 274; 58 N. W. 675. Kellam, J., dissenting.

(Syllabus by the Court. Opinion filed Nov. 9, 1895.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Reversed.

The facts are stated in the opinion.

*W. F. Mason*, for appellant.

An undertaking at least equal to the amount of the claim specified in the affidavit must be required before issuing the writ of attachment. Wagener v. Booker, 9 S. E. 1055; Fleitas v. Cockrem, 101 U. S. 301; Hisler v. Carr, 34 Cal. 641; Tiffany v. Lord, 65 N. Y. 310; Homan v. Brinkerhoff, 1 Den. 184; Davis v. Marshall, 14 Barb. 96. In the affidavit for publication of summons it must appear that a cause of action exist against the defendant in favor of the plaintiff. Bacon v. Johnson, 110 N.

Car. 114; Shields v. Miller, 9 Kas. 390; Slocum v. Slocum, 17 Wis. 150; Rankin v. Adams, 18 *Id.* 292; Forbes v. Hyde, 31 Cal. 342. The bare statement in the affidavit that the person on whom service is to be made "cannot after due diligence be found" within the state, is not sufficient from which the court can find that due diligence has been exercised to find him. Remarks of Shannon, 1 Dak. 500; Beach v. Beach, 6 Dak. 371; Comes v. Mitchell, 82 Iowa 601; Peck v. Cook, 41 Barb. 549.

*Chas. M. Stevens*, for respondent.

The affidavit for an attachment need not set forth at length the cause of action. Hart v. Barnes, 40 N. W. 322; Tessier v. Reed, 22 *Id.* 225; Simpson v. McCarthy, 20 Pac. 408; Phelps v. Young, 1 Ill. 255; Hayard v. McCrary, 33 Ind. 459; Ferguson v. Smith, 10 Kas. 394; Weaver v. Hayward, 41 Cal. 177. In case an undertaking on attachment is not in compliance with the statute, the appellate court will remand with direction that a proper undertaking be given. Pierce v. Miles, 6 P. 347; Hamble v. Owen, 20 Ia. 70; Baker v. Kingman, 24 P. 476; Magee v. Fogerty, 11 *Id.* 668; Joseph v. Mady, 33 *Id.* 1. An affidavit in a case may refer to any document on file therein and make the same a part thereof. Ligare v. California, 76 Cal. 610; Goodale v. Coffee, 33 P. 990; Neff v. Pennoyor, 3 Sawyer 291; Howe v. Pettibone, 74 N. Y. 68; National v. Stelling, 9 S. E. 1028.

FULLER, J. This appeal is from an order overruling a motion to dissolve an attachment issued in an action by plaintiff against defendant, a nonresident corporation, to recover $2,000 damages, claimed to have been sustained by reason of a failure upon the part of the defendant to convey to plaintiff certain real estate, at an agreed price of $3,200. Omitting formal parts the affidavit for an attachment is as follows: "This action is for the recovery of money only, by the above named plaintiff against the above named defendant; that a cause of action exists in favor of said plaintiff against said defendant, for which said action is commenced, or about to be, and that the amount

of the plaintiff's claim in said action is $2,000, and interest from the 15th day of January, 1894, over and above discounts and set-offs, and that the grounds of said claim and cause of action are as follows: That on the 15th day of January, 1894, the plaintiff and the defendant entered into a contract in writing by which the defendant agreed to convey to the plaintiff by deed the following real estate [here follows description of land] for the agreed price of $3,200; and that said defendant has wholly failed, and still fails and refuses, to comply with the terms of said contract, by conveying said premises to the plaintiff, according to the terms of the said contract, though the plaintiff has at all times been, and still is, ready and willing to comply with the terms of said contract on his part, and that the plaintiff has been damaged thereby in the sum of $2,000."

The measure of damages applicable to cases like the present is fixed by section 4586 of the Compiled Laws, which provides that "the detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land." It is nowhere claimed that respondent ever prepared to enter upon the land, or that he has paid any part of the purchase price agreed upon, nor does it appear from the affidavit that he has sustained any injury, or incurred any expense, in connection with the transaction. There is neither an allegation as to bad faith on the part of appellant, nor a statement as to the value of the real estate involved, at the time the alleged breach of contract occurred. The grounds upon which the claim is based are not stated as required by statute, and the amount thereof cannot be ascertained by any method of computation or measure of damages suggested by the contract, or in-

timated by the recitals of the affidavit.  Assuming every fact stated in the affidavit to be true, except affiant's opinion that he has suffered $2,000 damages, yet there is nothing to justify an inference or speculation as to the specific grounds of his claim, or the amount for which he should have judgment.

Although the views of the different members of this court were not in complete harmony in Coats v. Arthur (S. D.) 58 N. W. 675, the section of our statute upon which this attachment was based was construed, after a critical examination, to include all actions arising on contract for the recovery of money only, where the court may definitely determine from the contract the amount which plaintiff is entitled to recover, and to exclude from the operation of the statute all cases where the amount of the claim, in case of a recovery, can be ascertained by no known or fixed rule of law, but must be determined by a court or jury.  Governed by the reasoning of the opinions of a majority of the court in that case, and applying the rule therein announced to the case before us, we are clearly of the opinion that the motion to dissolve the attachment should have been sustained.  This view renders unnecessary any consideration of other questions specified in appellant's motion to vacate and discharge the attachment.  The order appealed from is reversed.

Kellam, J.  I dissent on the grounds stated in my opinion in Coats v. Arthur, 58 N. W. 675; 5 S. D. 274.  It seems to me that the rule of the foregoing opinion denies generally an attachment in every *quantum meruit* case, and in most actions on implied contracts, for very rarely, in such case, can the court "definitely determine from a contract the amount which the plaintiff is entitled to recover."  I cannot persuade myself that such is the meaning or intent of our attachment law.