## PEARSONS V. PETERS *et al.*

In an action for damages for the partial failure of defendant to convey to plaintiff certain land, the complaint did not allege any false pretenses on the part of defendant, but an affidavit for attachment alleged that the contract and the debt and damages were incurred for property of the plaintiff obtained in payment for such land under false pretenses. Held, that the attachment was properly dissolved; evidence as to the false pretenses being inadmissible under the complaint, and the statute on which the attachment was based including only actions on contract, where the court may determine from the contract the amount of recovery to which plaintiff is entitled.

CORSON, P. J., dissenting.

(Opinion filed February 21, 1905.)

Appeal from circuit court, Lawrence county; Hon. WILLIAM G. RICE, Judge.

Action by George R. Pearsons against Thomas E. Peters and another. From an order dissolving an attachment, plaintiff appeals. Affirmed.

*Eben W. Martin* and *Norman T. Mason,* for appellant.

*Buell & Gardner* and *S. C. Polley,* for respondents.

FULLER, J. This appeal is from an order dissolving an attachment levied upon land in aid of an action for damages arising from the partial failure of the defendant to perform his contract, as follows: "T. E. Peters agrees to sell and convey unto the said George R. Pearsons an undivided one-third interest in and to the following described lands situated in Lawrence county, South Dakota, to-wit: [Here follows a description of lands in Lawrence county, S. D., containing in all, 1,560 acres, according to the United States government survey.] And the said T. E. Peters hereby undertakes and agrees to procure perfect title to all of said land and to each tract thereof on or before March 1st, 1903, and on or before said date to procure and produce to said George R. Pearsons abstracts of title thereof showing perfect title in him free of all taxes and liens up to March 1st, 1903, and he agrees on or before said date to execute and deliver to said George R. Pearsons a deed of general warranty of an undivided one-third interest in said land free of all incumbrances reserving only from said grant all coal and oil and all minerals in said lands except gypsum, lime, Portland cement and brick and fire clay." In the affidavit upon which the warrant issued, the breach of contract and ground for attachment are stated thus: "Which contract defendant

has broken by failing to obtain title to and convey to plaintiff a one-third interest in five hundred and twenty acres of land in said contract agreed to be conveyed; by failing to convey to plaintiff certain timber upon six hundred acres of said land; by failing to settle and discharge a lien in favor of William T. Powers, a judgment in favor of George D. Parks, and taxes for the year 1902; all to the plaintiff's damage in the sum of eight thousand five hundred dollars.    That the contract above referred to, and the debt and damages above set forth, were obtained and incurred for property of this plaintiff obtained under false pretenses."

Having paid the full consideration, and received all but the undivided one-third interest in 580 acres of the land, which Peters undertook to procure and convey discharged of all liens, appellant retains such property, and in his complaint alleges the defendant's failure to do certain things in the future, but negatives the propostion that any property was ever obtained under false pretenses.    We say in Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190: "To sustain an allegation that the debt was contracted for property obtained under false pretenses, it is necessary to show that, at the time the debt was contracted or property obtained, there was an intent on the part of the debtor to cheat or defraud.    For that purpose some false pretense must be designedly used, and the fraud must be accomplished by means of the false pretense, or, if not wholly by that means, it must have had so material an effect upon the mind of the party defrauded that without it he would not have parted with the money or property alleged to have been fraudulently obtained."    In this case no false pretense or fraud of any kind was alleged in the complaint, and the statement to

that effect contained in the affidavit for an attachment finds no support in the cause of action to which it relates. Evidence tending to show "that the debt was incurred for property obtained under false pretenses" being inadmissible under the complaint, appellant was not entitled to have property attached for the satisfaction of a judgment that might be recovered for purely conjectural damages. In order to bring a case within the attachment law, there must be a debt or claim the amount of which may be definitely ascertained before the trial by a method of computation provided by the contract, or by the application of some statutory measure of damages plainly suggested by the recitals of the affidavit. 4 Cyc. 444.

In disposing of a case the same as this upon principle, we say: "The grounds upon which the claim is based are not stated as required by statute, and the amount thereof cannot be ascertained by any method of computation or measure of damages suggested by the contract or intimated by the recitals of the affidavit. Assuming every fact stated in the affidavit to be true, except affiant's opinion that he has suffered $2,000 damages, yet there is nothing to justify an inference or speculation as to the specific grounds of his claim, or the amount for which he should have judgment. Although the views of the different members of this court were not in complete harmony in Coats v. Arthur, 5 S. D. 274, 58 N. W. 675, the section of our statute upon which this attachment is based was construed, after a critical examination, to include all actions arising on contract for the recovery of money only, where the court may definitely determine from the contract the amount which plaintiff is entitled to recover, and to exclude from the operation of the statute all cases where the amount

of the claim in case of a recovery can be ascertained by no known fixed rule of law, but must be determined by a court or jury." Narregang v. Muscatine Mortg. & Trust Co., 7 S. D. 574, 64 N. W. 1129. This doctrine has been applied in subsequent cases, and sustains the action of the trial court.

The order dissolving the attachment from which this appeal was taken is affirmed.

HANEY, J. (concurring specially). In harmony with the views expressed in my dissenting opinion in Finch v. Armstrong, 9 S. D. 264, 68 N. W. 740, I concur in the conclusion that the order appealed from in this case should be affirmed for the reason that the alleged ground for attachment is not authorized where the action is upon a matured claim. Prior to 1881, obtaining property under false pretenses was not a ground in any case. In that year the Legislature amended section 218 of the Code of Civil Procedure, by adding what now appears as subdivision 2 of section 226, and added the same clause to the section providing what the affidavit shall contain. Laws 1881, p. 36, c. 32. The change in the section relating thereto was merely intended to conform the affidavit to the requirements of the section relating to claims not due and should never have been construed as enlarging the ground for attachment in other cases. Therefore the obtaining of property under false pretenses is not now, nor has it been since 1877, a ground for attachment, where the claim sued upon is due.

CORSON, P. J., dissenting.