(120 N. W. 875.)

---

JOHN U. HEMMI v. ALZINA R. GROVER.

Opinion filed March 18, 1909.

**Attachment — Undertaking — Amount — Affidavits — Averments as to Property — Dissolution — Grounds — Sufficiency of Affidavits — Statement of Cause of Action — Service by Publication — Property in State.**

On an appeal from an order dissolving an attachment defendant urges the following reasons in support of the correctness of such order:

(1) That the undertaking for attachment was insufficient because in a sum less than the amount of the claim specified in the warrant.

(2) That neither the complaint nor the affidavit for attachment show that defendant owned property in this state subject to attachment.

(3) That the statutory grounds for attachment are insufficiently stated both in the complaint and in the affidavit for attachment.

(4) That both the complaint and the affidavit for attachment are defective and fail to set forth a cause of action.

(5) That the affidavit for publication of the summons neither states, nor the complaint shows, that defendant has property within this state or debts owing to him from residents thereof, as required by

section 6840, Rev. Codes 1905, and that, therefore no jurisdiction was acquired, and the attachment must fall.

*Held,* for reasons stated in the opinion, that none of such grounds is tenable, and, *held,* further, that no valid ground is disclosed in the record warranting a dissolution of such attachment.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by John U. Hemmi against Alzina R. Grover, in which action plaintiff caused an attachment to issue. From an order dissolving the attachment, plaintiff appeals.

Reversed.

*John U. Hemmi,* for appellant.

*Alfred Zuger,* for respondent.

FISK, J. This is an appeal from an order dissolving an attachment. The grounds of the motion to dissolve such attachment are stated in the notice of motion as follows: "That no proper warrant of attachment was ever issued, served, levied, and returned in this cause in the manner required by law, and no sufficient affidavit and undertaking for attachment was ever issued, served, or filed in this case." It is stated in the notice that defendant appears specially by her attorney for the purpose, and makes no other appearance. The grounds upon which the attachment was dissolved are stated in the order dissolving the same as follows: "It appearing to the court from the records and files in said action that defendant is not a resident of this state, and that neither the complaint, the affidavits for publication and attachment, nor any of the papers served or filed, or proceedings had herein, show that defendant has property within this state or debts owing to her from residents thereof, and it further appearing that the undertaking for attachment is defective, in that neither the principal nor any surety ever acknowledged the execution of same, nor was the execution proved in any manner, and it being shown that the records and files failed to show the issuance of any warrant of attachment against the property of the defendant, and same failed to show that any valid warrant of attachment was ever levied upon any property of defendant in this state, and no return of the sheriff of Stutsman county was filed in the clerk's office showing the proceedings of the sheriff upon any warrant of attachment herein, therefore, on motion of Alfred Zuger, attorney for defendant, it is

ordered that the attachment herein be, and the same is hereby, dissolved for the reasons above set forth."

Counsel for respondent urges in support of the order appealed from: (1) That the undertaking for attachment was insufficient, in that it was in a sum less than is required by section 6944 of the Revised Codes of 1905. (2) That the order dissolving the attachment was properly granted on the complaint and affidavit for attachment alone. (3) That the statutory steps required to obtain constructive service of a summons on a non-resident and the statutory steps necessary to a valid attachment are interdependent, and that hence the attachment was properly dissolved because the statutory steps necessary to obtain a constructive service of the summons were defective. (4) That, even if the order dissolving the attachment was not strictly proper, still a reversal of such order would be unavailing for the reason, as stated, that no jurisdiction was acquired; the steps necessary to acquire constructive service of the summons being defective. If none of these contentions is sound, the order appealed from must be reversed, but, on the other hand, if any of them are correct, such order must be affirmed.

The sufficiency of the undertaking for attachment is challenged upon the ground that the liability thereunder is limited to the sum of $800, whereas the warrant of attachment specifies the amount of plaintiff's claim to be the sum of $800, with interest at the rate of 7 per cent. per annum from the 17th day of May, 1907, which is the date of the summons, complaint, and the attachment papers in the case. The amount of plaintiff's claim, as stated both in the complaint and affidavit for attachment, is the sum of $800, and no greater sum is prayed for in the complaint. The warrant of attachment refers to the complaint, with a recitation that plaintiff therein demands judgment against the defendant for the sum of $800, with interest at the rate of 7 per cent. per annum from the 17th day of May, 1907. This is clearly a mistake in so far as the interest is concerned, but this is clearly immaterial, as it nowhere appears in any of the papers in the case that plaintiff's claim at the date the attachment was sued out was in excess of $800. Interest to accrue in the future should not be considered in determining the amount of the undertaking, as the amount of such interest could not be definitely determined, but would depend wholly upon the date of entry of judgment. It follows that respondent's counsel is clearly in error upon his first proposition.

But it is next contended that the attachment was properly dissolved because the complaint and affidavit for attachment fail to show that defendant had property within this state subject to attachment. Such a statement or allegation in the complaint is not required, and we know of no law in this state requiring such fact to be shown in the attachment affidavit. Section 6942, Rev. Codes 1905, prescribes that the affidavit for attachment shall set forth in the language of the statute one or more of the grounds of attachment enumerated in section 6938, and no such ground is enumerated in the latter section.

It is also contended that the two grounds for attachment, to-wit, nonresidence of defendant and that she is about to sell and convey her property for the purpose of defrauding her creditors, are defectively stated in the complaint and affidavit for attachment, in that they are stated on information and belief. This is true so far as the statement in the complaint is concerned, but any statement of grounds for attachment in the complaint is improper and immaterial. If the statement contained in the affidavit is in the statutory language as required by section 6942, Rev. Codes 1905, it is sufficient. Turning to the affidavit, we find a positive statement that defendant is not a resident of this state. The argument of respondent's counsel that because the complaint and affidavit were sworn to on the same day that they must be considered together, and that, if there be any variance between the allegations of the complaint and the affidavit, the complaint must control, is wholly untenable. As before stated, such matters are wholly foreign to a complaint, and, if inserted therein, will be treated as surplusage and given no controlling effect over the positive statements in the affidavit. We fully agree with respondent's counsel that statements on information and belief in the affidavit for attachment are insufficient, and that hence the affidavit in the case at bar, in so far as the second ground for attachment is concerned, is void; but the affidavit is good as to the other ground, namely, nonresidence of defendant.

It is next asserted that both the complaint and affidavit for attachment are defective, as they fail to set forth a cause of action, and hence that the attachment was properly dissolved. This contention is based upon the following South Dakota decisions: Coats v. Arthur, 5 S. D. 274, 58 N. W. 673; Narregang v. Muscatine Mortgage & Trust Co., 7 S. D. 574, 64 N. W. 1129; Pearsons v. Peters, 19 S. D. 162, 102 N. W. 606. Such contention deserves but brief

notice. The South Dakota decisions are based upon a statute similar to section 4993 of the Compiled Laws of 1887 of the late territory of Dakota, which is materially different from section 6938 of the Revised Codes of 1905 of this state, as a comparison will disclose. Under the latter section it is expressly provided that an attachment may issue in an action for damages whether arising out of contract or otherwise. For these reasons the cases cited and relied upon by respondent are not in point. We are entirely clear that the complaint in the case at bar sufficiently states a cause of action, and section 6942, Rev. Codes 1905, does not require the affidavit to set forth anything except "one or more of the grounds of attachment enumerated in section 6938. * * *"

It is next contended that the steps taken to obtain constructive service of the summons were defective in certain particulars, and hence that the attachment must fall. We think such contention untenable. It is true, as contended by respondent's counsel, that by section 6840, Rev. Codes 1905, the affidavit required as a basis for obtaining constructive service of the summons must state, or the complaint show, "(1) that the defendant has property within this state or debts owing to him from residents thereof." Even if this were a proper ground for dissolving the attachment, we think the complaint fairly shows such fact. The complaint alleges, in substance, that on May 2, 1907, the defendant, through her duly authorized agent, entered into a contract to sell and transfer, by deed of conveyance certain real property therein described and located in Stutsman county, N. D. And we think it may fairly be presumed from such fact, when not denied, that defendant was the owner of such real property, not only on May 2d, but on May 17th, the date the action was begun and the attachment sued out.

In conclusion we are convinced that there is no merit in any of the contentions urged by respondent's counsel why the order appealed from should be sustained and the record fails to disclose any valid reason for sustaining the same.

The district court is accordingly directed to set aside its order, and reinstate the attachment proceedings. All concur.