THOMAS R. MACDONALD, Plaintiff and Appellant, v. GERALD FITZGERALD and James H. Ross, Defendants and Respondents, JOHN U. HEMMI, Intervener and Respondent.

(171 N. W. 879.)

**Attachment — warrant of attachment — levy — how made.**

1. A warrant of attachment is not rendered *functus officio* by the fact that levy has been made thereunder; but under § 7545, Compiled Laws 1913, the sheriff, to whom a warrant of attachment is delivered, may levy from time to time and as often as is necessary, until the amount for which it was issued has been secured, or final judgment has been rendered in the action.

**Judgment — levy of execution — second levy upon property released by mistake.**

2. In the absence of fraud and where no other rights intervene, there is no reason which will prevent a second levy upon personal property, under the outstanding writ, where such property has once been taken but afterward surrendered by mistake or otherwise.

**Attachment — not dissolved by amending complaint.**

3. An attachment is not dissolved by an amendment of the complaint which merely increases the amount of damages; but the lien of the attachment remains effective for the amount claimed in the original complaint and specified in the warrant of attachment.

**Attachment — evidence.**

4. Where a person who claims to have purchased certain personal property from the defendant in an attachment suit brings an action in claim and delivery against the sheriff to recover such property, it is proper to permit the attaching creditor to testify as to the indebtedness involved in the suit in which the attachment was issued.

**Fraudulent conveyance — change of possession.**

5. Where it appears that a vender of personal property has the same in his possession or under his control, the sale thereof, unless accompanied by an

actual and continued change of possession of the property sold, is presumed to be fraudulent and void as against creditors of the vender, unless those claiming under such sale make it appear that the same was made in good faith and without any intent to hinder, delay, or defraud such creditors. Comp. Laws 1913, § 7221.

**Instructions — error in.** .

6. Certain assignments of error predicated upon instructions given and refused considered, and *held* to be without merit for reasons stated in the opinion.

Opinion filed March 1, 1919.    Rehearing denied April 10, 1919.

From a judgment of the District Court of Stutsman County, *Coffey, J.,* plaintiff appeals.

Affirmed.

*John A. Jorgenson,* for appellant.

A mere naked possession of property confers some rights as against a mere wrongdoer and trespasser.    Sanford v. Millikin, 144 Mich. 311, 107 N. W. 884; Anderson v. Gouldberg, 51 Minn. 294, 53 N. W. 636; Smith v. Lydick, 42 Mo. 209; Rogers v. Arnold, 12 Wend. 30; Freshwater v. Nighols, 52 N. C. 251; Taylor v. Brown, 49 Or. 423, 90 Pac. 673; Kellogg v. Adams, 51 Wis. 138, 37 Am. Rep. 815, 8 N. W. 115; Hall v. Johnson, 21 Colo. 414, 42 Pac. 660; Stockwell v. Robinson, 9 Houst. (Del.) 313, 32 Atl. 528; Van Namee v. Bradley, 69 Ill. 299; Moorman v. Quick, 20 Ind. 67; Odd Fellows v. McAllister, 153 Mass. 292, 11 L.R.A. 172, 26 N. E. 862; N. D. Comp. Laws 1913, § 7546.

Under S. D. Comp. Laws, § 4599, the sheriff cannot, as against the owner seeking to recover his property in replevin, justify its seizure under an attachment on which a return was not made within twenty days.    Carson v. Fuller, 11 S. D. 502, 74 Am. St. Rep. 823, 78 N. W. 960.

In order to be protected from liability for acts done in the execution of measure process, the sheriff must make his return therein within the time prescribed by statute.    35 Cyc. 1746, notes 41 and 42, 1749, notes 51 and 52; Vail v. Lewis, 4 Johns. 450, 4 Am. Dec. 300; Jordan v. Henderson, 30 Tex. Civ. App. 89, 86 S. W. 961; Barnard v. Stevens, 2 Aik. (Vt.) 429, 16 Am. Dec. 733.

An increase in the amount declared for in the writ dissolves and

discharges any attachment made upon the original writ. Clough v. Monroe, 34 N. H. 381; Beyer v. Dobeas, 141 Wis. 89, 123 N. W. 638; Austin v. Burlington, 34 Vt. 506; Smead v. Chrisfield, 1 Handy (Ohio) 573; Clark v. Foxcroft, 1 Pick. 204; Adams v. Anthony, 18 Pick. 238; Fairfield v. Baldwin, 12 Pick. 388; Page v. Jewett, 46 N. H. 446; Hild v. Hunnewell, 1 Pick. 192; Pierce v. Patridge, 3 Met. 49; Oconto v. Erson, 112 Wis. 89, 87 N. W. 855; Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490.

Where it is alleged that the property was transferred to the debtor's wife in fraud of his creditors, the pleadings in the action in which judgment was rendered against the debtor are not competent evidence against the wife to show where the debt was incurred. . Arnett. v. Coffey, 1 Colo. App. 34, 27 Pac. 614; Eggleston v. Sheldon (Wash.) 148 Pac. 575.

Where a sale has been made and possession does not change but the purchaser proves that he paid full and adequate price he disproves the fraud prima facie, and shifts the burden back upon him who asserts it. Norwegian v. Hanthorn, 71 Wis. 537, 37 N. W. 825; Cook v. Van Horne, 76 Wis. 520, 44 N. W. 767; Densmore v. Shong, 98 Wis. 385, 74 N. W. 114; Morrison v. McCluer (Colo.) 148 Pac. 380; Petrie v. Wyman, 35 N. D. 126, 159 N. W. 621; 20 Cyc. 784, subd. 3 and cases cited in notes 11 and 12.

*F. G. Kneeland (John U. Hemmi,* of counsel for defendants and *in propria persona*), for defendants and intervener.

Increasing the damages claimed by amendment does not release sureties on a bond given to discharge an attachment. Gettman v. Baxter, 42 L.R.A.(N.S.) 484, note.

In an action to try title by the judgment creditor against an alleged fraudulent grantee of the debtor, a judgment regularly rendered and entered by a court of competent jurisdiction is, in the absence of allegation and proof of fraud or collusion, conclusive evidence of the debt and its amount. Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320; Thompson v. Crane, 73 Fed. 327–331; Hunsinger v. Hoffer, 110 Ind. 390, 11 N. E. 463; Bowen v. State, 121 Ind. 235, 23 N. E. 75; Yeend v. Weeks (Ala.) 16 So. 165; Jameson v. Bagot, 106 Mo. 24, 16 S. W. 697; Holladay Case, 27 Fed. 830–844: Hinde v. Longworth, 11 Wheat. 211.

A conveyance of property by a debtor made in good faith, but with intent to defraud creditors, is not relieved from the condemnation of the statute by the fact that it was given for a valuable consideration or to pay an honest debt. Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320; 20 Cyc. 752, 754; Wick v. Hickey, 103 N. W. 471.

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover the possession of a certain automobile. The automobile was seized by the defendant Fitzgerald, as sheriff of Stutsman county, under a warrant of attachment issued to him in an action then pending in the district court of that county, wherein one John U. Hemmi was plaintiff and one C. A. Shaw was defendant. The defendant Ross is the successor in office of Fitzgerald and as such received the automobile into his possession, when he entered upon his duties as sheriff. John U. Hemmi, the plaintiff in the action in which the warrant of attachment was issued, intervened in the instant action. The case was submitted to a jury which returned a verdict in favor of the defendants and the intervener for a dismissal of the action. Judgment was entered pursuant to the verdict, and defendant has appealed from the judgment.

The evidence shows that C. A. Shaw and one J. A. MacDonald came to Jamestown, North Dakota, from Seattle, Washington, in the spring of 1916 and engaged in the construction business. Among others they entered into a contract to construct a house for John U. Hemmi. J. A. MacDonald afterwards died, and C. A. Shaw was the sole surviving member of the firm. In November, 1916, said John U. Hemmi brought an action against C. A. Shaw as such surviving partner for breach of the building contract. It was in this action that the warrant of attachment involved herein was issued. Said C. A. Shaw owned an automobile. He kept it in a certain barn in Jamestown which he had rented for that purpose. It is undisputed that he was originally the owner of the automobile, but he claims that he sold it to the plaintiff, Thomas A. MacDonald, on the 10th day of November, 1917. Thomas R. MacDonald is a brother of J. A. MacDonald, Shaw's former partner. He was employed by the firm during the summer. He is a married man and his home is in Alabama. The plaintiff MacDonald did not testify either personally or by deposition, and the testimony by which the plaintiff's claim is sought to be established is the testimony of

Shaw. Shaw testified that he sold the automobile to Thomas R. Mac-Donald on November 10, 1917, receiving therefor a consideration of $175, $105 of which was cash, $40 a certain freight bill MacDonald had paid for Shaw, and $30 for back pay owing by Shaw or his firm to MacDonald. There was a balance due of $300 to the Oakland Company of the original purchase price, which it is claimed MacDonald assumed and agreed to pay. There is no evidence whatever of any actual change of possession. The purchaser MacDonald did not drive the automobile at all. Shaw, however, drove the automobile after he claims to have sold it to MacDonald. Shaw also testified that he made the payments to the Oakland Company without any arrangement whatever with MacDonald, and that MacDonald has never repaid such payments. The evidence also shows that the plaintiff MacDonald, subsequently to the time when it is claimed that he purchased the automobile, filed a mechanic's lien against the Hemmi house for labor which he claims to have performed upon it while working for Shaw and MacDonald prior to November 10, 1916. If the mechanic's lien statement sworn to by MacDonald is true, then the amount for which he filed the lien was due and owing to him at the time it is claimed he purchased the automobile and paid Shaw the $105 in cash. A witness also testified that on November 17, 1916, the day when the sheriff levied upon the automobile, C. A. Shaw was driving the car and trying to find a purchaser for it.

Appellant's first assignment of error is predicated upon the admission in evidence of the judgment roll, including the warrant of attachment and return, in the case of Hemmi v. Shaw. The specific objections made to the admission of these papers being: (1) That the sheriff had failed to make a return upon the warrant of attachment within twenty days after the commencement of the action; and (2) that upon or immediately prior to the trial of said action the plaintiff's complaint was amended so as to increase the amount of plaintiff's demand, and that no new undertaking was filed in the attachment proceeding covering the new amount demanded.

The first objection is based upon § 7546, Complied Laws 1913, which requires a sheriff within twenty days after seizure of property under a warrant of attachment to file an inventory of the property and a return of his doings upon such attachment. It is unnecessary to

consider the statute, or the effect of a failure to comply with its provisions, for in this case such noncompliance has not been shown. It is undisputed that a return was filed on December 11, 1916. In the complaint in intervention it is alleged that the automobile was first levied upon on the 17th day of November, 1916, and that a second levy was made on the 11th day of December, 1916,—the day on which the inventory and return was filed. The plaintiff filed an answer to the complaint in intervention. In such answer he expressly admitted "that a second levy of attachment was made by the then sheriff of said county in the same action on the same automobile hereinafter mentioned on or about the 11th day of December, 1916." The evidence also shows that the sheriff, upon being served with a third-party claim by the plaintiff, did in fact release the first levy on December 9, 1916, and exercised no dominion over the automobile from that time until he made the second levy upon it on the 11th day of December, 1916. A warrant of attachment is not rendered *functus officio* by the fact that a levy is made thereunder. Our statute expressly provides that "the sheriff, to whom a warrant of attachment is delivered, may levy from time to time and as often as is necessary, until the amount for which it was issued has been secured, or final judgment has been rendered in the action." Comp. Laws 1913, § 7545.

And it is well settled that "in the absence of fraud there is no reason which will prevent a second levy upon personal property, under the outstanding writ, where such property has once been taken but afterward surrendered by mistake or otherwise, no other rights intervene, and the legal owner interposes no protest against such second levy." 6 C. J. p. 242.

The second objection is, in our opinion, also without merit. The statute requires the plaintiff to furnish an attachment bond in a sum "at least equal to the claim specified in the warrant." Comp. Laws 1913, § 7543. The undertaking furnished by the plaintiff in the case of Hemmi v. Shaw was concededly for a sufficient amount at the time it was furnished. The amendment to the complaint in no manner changed the cause of action. It merely increased the *ad damnum*. The sureties upon the attachment bond were not released from liability. The subsequent claim of the larger damages did not invalidate the attachment. Pope v. Hunter, 13 La. 306. See also Hemmi v. Grover,

18 N. D. 578, 120 N. W. 561. The lien of the attachment still remained effective for the amount of the claim as stated in the warrant of attachment. Fellows, J. & Co. v. Dickens, 5 La. Ann. 131.

Appellant next contends that the court erred in admitting certain evidence offered to show that Hemmi was a creditor of Shaw on November 10, 1916.

Under our statute, a creditor is one in whose favor an obligation exists by reason of which he is or may become entitled to the payment of money. Comp. Laws 1913, § 7216. And "every transfer of property or charge thereon made, every obligation incurred and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor and their successors in interest." Comp. Laws 1913, § 7220. The answer of the defendants, and the complaint in intervention, both allege that the action of Hemmi v. Shaw was brought on for trial and judgment rendered therein in favor of Hemmi and against Shaw for $605.41, on July 19, 1917. These allegations were specifically admitted by the plaintiff in his answer to the complaint in intervention. Plaintiff at no time raised any question as to the materiality of these allegations, but on the contrary, in his answer to the complaint in intervention, expressly admitted that they were true.

The specific evidence to which objection was made was the testimony of Hemmi as to the amount he had overpaid Shaw. The testimony tended directly to show that Hemmi was a creditor of Shaw on and prior to November 10, 1916. In connection with the objection to Hemmi's testimony, plaintiff's counsel also asserted that the judgment and the judgment roll in the case of Hemmi v. Shaw (which had already been received in evidence) were as to MacDonald only secondary evidence of the indebtedness. The judgment was at least prima facie evidence of the indebtedness of Shaw to Hemmi. 23 Cyc. 1286, 1287. But there was certainly no error in permitting Hemmi to testify to such indebtedness. And in view of the objections made by the plaintiff to the judgment in Hemmi v. Shaw, it is indeed difficult to understand why he should complain of the fact that the creditor was permitted to testify directly with respect to the indebtedness.

Our statute provides that "every sale made by a vender of personal property in his possession or under his control and every assignment

of personal property, unless the same is accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vender or assignor, or subsequent purchasers or encumbrancers in good faith and for value, unless those claiming under such sale or assignment make it appear that the same was made in good faith and without any intent to hinder, delay or defraud such creditors, purchasers or encumbrancers." Comp. Laws 1913, § 7221.

The court instructed the jury in the language of the statute. This instruction was manifestly proper. There was ample evidence to sustain a finding that there had been no change of possession, and it is indeed difficult to see where there was any substantial evidence to the contrary. But appellant asserts that the trial court erred in its instructions as to the effect and application of the statute. The court instructed the jury that "the burden of proof is upon the plaintiff upon the whole case to show you that he is entitled to a recovery, and if the plaintiff shows to you that this transfer from Shaw to him of the automobile was made in good faith, and for value, it is immaterial as to whether or not possession of the property changed. But it is necessary that the plaintiff should show that the transfer from Shaw to him, Thomas R. MacDonald, was made in good faith, and for value, and without any intention of hindering, delaying, or defrauding creditors, purchasers, or encumbrancers for value; so that, upon the whole case, gentlemen of the jury, the burden of proof rests upon the plaintiff to show you that MacDonald purchased this automobile in good faith, without any intention of hindering or delaying the creditors of said C. A. Shaw, and particularly this defendant, J. U. Hemmi, the intervener, and the sheriff who stands in his position."

The term "burden of proof" is generally used by the courts in two senses. The matter was fully discussed by this court in Guild v. More, 32 N. D. 432, 466, 155 N. W. 44. We do not, however, deem the question of any material importance in the instant case. In this case, the plaintiff asserted that he was the owner and entitled to the immediate possession of a certain automobile. The defendants and intervener denied this. Plaintiff had the burden of proof. He must establish his ownership and right of possession. To do this he introduced evi-

dence tending to show that he purchased the automobile from Shaw on November 10, 1916. But the evidence also tended to show that the alleged sale was not accompanied by an actual and continued change of possession of the automobile. Hence, under the plain words of the statute the alleged sale was presumptively fraudulent and void as against the creditors of Shaw, and the plaintiff was further required to establish that the sale "was made in good faith and without any intent to hinder, delay, or defraud" any of such creditors. See also 20 Cyc. 450, 555, 753.

Plaintiff asserts that an instruction similar to the one involved in this case was held prejudicial by the supreme court of Wisconsin in Griswold v. Nichols, 117 Wis. 267, 94 N. W. 33, under a statute similar to § 7221, supra. An examination of the case cited shows that plaintiff is in error. The instruction condemned in that case was characterized by the court in its opinion as follows: "The effect of this instruction is that, although the property was conveyed and received for the purpose of paying a bona fide debt, nevertheless there is a presumption that it was fraudulent, unless the complete change of possession required by § 2310, Rev. Stat. 1898, took place." Manifestly the instructions complained of in the instant case are not subject to this criticism. For in the instant case, the court expressly charged that "if the plaintiff shows to you that this transfer from Shaw to him of the automobile was made in good faith, and for value, it is immaterial as to whether or not possession of the property changed."

Appellant also assigns error upon the court's refusal to instruct that "ponderous and bulky articles difficult to remove will pass by bill of sale without further change of possession." And further that when chattels are in the possession of a bailee no actual delivery is necessary to obviate any presumption of fraud. The requested instructions were so manifestly inappropriate and inapplicable in this case that a mere statement of appellant's contention answers it.

Appellant also contends that the trial court should have instructed the jury to return a verdict for the plaintiff. The contention is entirely devoid of merit. We have already alluded to some of the facts disclosed by the evidence. There were other things tending to establish the fraudulent character of the alleged sale. There was ample evidence to justify a verdict for the defendants.

Judgment affirmed.